UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON LARIE ORR,<br><br>    Plaintiff,<br><br>    v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation; and MICHELLE ORR, a single person as Parent, Natural Guardian, Best Friend and/or Conservator for and on behalf of Z.O., a minor child under the age of Eighteen (18) Years of Age,<br><br>    Defendants. | Case No. 1:11-cv-00647-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it cross-motions for summary judgment relating to the distribution of life insurance proceeds payable as a death benefit.  Plaintiff Devon Orr, as the surviving spouse to the decedent, Kevin Orr, filed this action alleging that Idaho state community property law entitles her to an interest in the life insurance benefits.  The Court heard oral argument on May 21, 2012, and took the matter under advisement.  For the reasons set forth below, the Court will grant Defendant Michelle Orr's Motion for Summary Judgment and will deny Plaintiff's Motion for Summary Judgment.

**BACKGROUND**

This case involves competing claims for life insurance benefits under an ERISA-regulated employee welfare benefit plan.  Plaintiff Devon Orr is the surviving spouse of the decedent, John Kevin Orr, who died in a motor vehicle accident on September 1, 2011.  Prior to his death, the decedent enrolled in a life and accidental death insurance plan issued by The Prudential Insurance Company of America through his employer, Applied Materials, Inc.  The policy named the decedent's minor son, Z.O., as the sole designated beneficiary.

Plaintiff Devon Orr, as the surviving spouse, contends that Idaho's community property law entitles her to a one-half interest in the life insurance proceeds even if the plan documents designate Z.O. as the sole beneficiary. [1] Defendant Michelle Orr, as the guardian for Z.O., responds that ERISA preempts Idaho's community property laws when those laws would require the ERISA plan administrator to pay benefits to someone other than the designated beneficiary.  Likewise, according to Defendant, ERISA preempts any potential claim for a constructive trust to be placed on the life insurance proceeds after their disbursement to Z.O. as the designated beneficiary.

---

[1] As the stakeholder with no interest in the proceeds, Prudential deposited the disputed proceeds with the Court, and now has been dismissed from this action.

## ANALYSIS

ERISA requires that a plan fiduciary administer an ERISA plan for the purpose of "providing benefits to participants and their beneficiaries" and "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(A)(i), (a)(1)(D); *see also id.* § 1002(8) (defining a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan"). An exception exists where a qualified domestic relations order (QDRO) specifies a beneficiary different from what is in the plan documents. *See id.* § 1056(d)(3)(A); *Hamilton v. Wash. State Plumbing & Pipefitting Indus. Pension Plan,* 433 F.3d 1091, 1096 (9th Cir. 2006). Otherwise, ERISA preempts "any and all State laws insofar as they ... relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a).

However, in *Emard v. Hughes Aircraft Co.*, 153 F.3d 949 (1998), the Ninth Circuit held that ERISA preemption did not bar California community property law from requiring distribution of ERISA life insurance proceeds to someone other than the designated beneficiary. But the holding in *Emard* was called into question by the U.S. Supreme Court's decision in *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001). The Ninth Circuit has recognized the inconsistency between the two decisions, and concluded that *Egelhoff* implicitly overruled *Emard*. *See, e.g., Carmona v. Carmona*, 603 F.3d 1041, 1062 (9th Cir. 2010) ("*Emard's* holding, to the extent it can be interpreted as an end-run around ERISA's mandates, no longer survives.")

*Egelhoff* involved a Washington statute that automatically revoked a former spouse's designation as a beneficiary if the marriage was subsequently dissolved or invalidated.  The Supreme Court held that the Washington statute had an impermissible connection with an ERISA plan because it required ERISA plan administrators to "pay benefits to the beneficiaries chosen by state law, rather than to those identified in the plan documents."  *Id.* at 147.  In reaching this conclusion, the Court did not distinguish between "welfare benefits" and "pension benefits."  Instead, it focused on the fact that the Washington statute conflicted with ERISA's command that the plan be administered "in accordance with the documents and instruments governing the plan…."  *Id.* at 1327-28 (citing § 1104(a)(1)(D)).  The Court also noted that the statute interfered with ERISA's goal of promoting "nationally uniform plan administration."  For these reasons, the Court concluded that ERISA preempted the state statute.

In accordance with *Egelhoff*, the Court finds that ERISA preempts Idaho community property laws when such laws require an ERISA plan administrator to pay ERISA life insurance proceeds to someone other than the designated beneficiary.  Like the Washington statute in *Egelhoff*, applying Idaho's community laws in the manner urged by Plaintiff would implicate "an area of core ERISA concern" because it would run counter to ERISA's mandate that ERISA plans be administered according to plan documents – not state law.  Likewise, *Egelhoff* makes clear that this application of Idaho community property laws would interfere with ERISA's goal of promoting "nationally uniform plan administration."

Despite *Egelhoff's* clear holding, Plaintiff argues that the Court may impose a constructive trust on the life insurance proceeds once they are distributed to Z.O. "if equity so requires." *Morris v. Metropolitan Life,* 751 F.Supp.2nd 955 (E.D.Mich. 2010). But in *Morris,* the Court found it necessary to impose a constructive trust, because the named beneficiary and the decedent included in their divorce decree language that disclaimed any present or future interest in the life insurance policy of the other. Here, there is no indication that Z.O. waived any portion of his interest in the life insurance proceeds. Nor is there any evidence that the decedent intended to strip from Z.O. his interest in the life insurance proceeds. Under these facts, neither federal common law nor equity demands that the Court place a constructive trust on the life insurance proceeds. To the contrary, the Court believes equity is best served by disbursing the entire proceeds to Z.O., as the decedent apparently intended.

More importantly, *Morris* conflicts with Ninth Circuit law. In *Carmona*, the Ninth Circuit held that "when a state court creates a constructive trust with the explicit purpose of avoiding ERISA's rules, it too must be preempted." *Id.* at 1062. In this case, Plaintiff seeks a constructive trust simply to avoid ERISA's requirement that the entire proceeds be disbursed to the designated beneficiary. Or, in other words, Plaintiffs seeks a constructive trust to avoid ERISA rules. Therefore, under *Carmona*, ERISA preempts Plaintiff's claim for a constructive trust.

And it makes no difference that *Carmona* involved pension plan benefits and this case involves employee welfare plan benefits. The principle behind *Carmona* – that a

plaintiff cannot use a constructive trust to make an end-run around ERISA requirements –
applies equally to both types of benefits.  The Ninth Circuit's recent unpublished decision
in *St. Julian v. St. Julian* , slip op., 2012 WL 1377028, *1 (9th Cir. April 20, 2012)
supports this conclusion.  In *St. Julian*, like this case, the surviving spouse of a participant
in an ERISA life insurance policy sought to impose a constructive trust on the life
insurance proceeds based on California's community property law.  The Ninth Circuit
summarily dismissed the plaintiff's argument: "regardless of whether California would
determine that [the surviving spouse] had a community property interest in the policy,
this court has clearly held that the preemption provision of ERISA precludes the
imposition of a constructive trust upon the proceeds."  *Id.* (citing *Carmona*, 603 F.3d at
1061–62).

Although unpublished, it appears that *St. Julian*, coupled with *Carmona*, leaves
little left for debate in this case.  Plaintiff nonetheless clings to language in *Carmona*,
indicating that ERISA may not preempt all claims for constructive trusts.  *Carmona*, 603
F.3d at 1062.  For example, some courts have allowed the imposition of a constructive
trust when "the consensual terms of a prior contractual agreement may prevent the named
beneficiary from retaining those proceeds." *Sweebe v. Sweebe*, 712 N.W.2d 708,
712 (Mich. 2006).  But, as already discussed, Z.O. never entered into a contract or
otherwise waived his right to retain the life insurance proceeds at issue here.  Therefore,
the decisions approving a constructive trust have no application here.

In addition, the Supreme Court has suggested that state slayer statutes, which disqualify a murdering heir as a life insurance beneficiary, trump ERISA.  *See, e.g.,* *Egelhoff*, 532 U.S. at 132.  Grasping at this suggestion, Plaintiff attempts to equate the decedent's conduct in this case – designating his minor son as the sole beneficiary under an ERISA life insurance policy – with the conduct of a life insurance beneficiary who has murdered the insured.  According to Plaintiff, "in both instances the conduct is a clandestine attempt to acquire or divert insurance proceeds by improper means, resulting in unjust enrichment."  *Pl's Post-Hearing Memorandum* at 4, Dkt. 34.

But the Court does not see the parallel.  Unlike murder, which is universally prohibited, the Court is unaware of any law that prevents a father from designating his minor son as the sole beneficiary of an ERISA-governed life insurance policy.  Yet, even assuming that the decedent did something wrong in this case, there is no evidence that the *beneficiary* did anything wrong.  This is a key distinction between state slayer statutes, which have been adopted by nearly every state to prevent a murderer from profiting from his or her wrong, and state community property laws, which have only been adopted by a minority of states and serve no such purpose.

Maybe Plaintiff would have a plausible argument if she had presented evidence that the beneficiary, or even a stranger to the relationship, had used undue influence to persuade the decedent to designate him as the sole beneficiary.  But she has not.  Without any evidence that the imposition of a constructive trust is necessary to preserve "ill-gotten gains" or to effect a valid waiver by the designated beneficiary, the Court

concludes ERISA preempts Plaintiff's Idaho community property law-based claims.

Indeed, Idaho's community property law is exactly the type of state family law that the

Supreme Court has "not hesitated" to find preempted by ERISA. *Egelhoff*, 532 U.S. at

151-52 (citing *Boggs v. Boggs,* 520 U.S. 833 (1997)).

**ORDER**

**IT IS ORDERED:**

1. Defendant Michelle Orr's Motion for Summary Judgment (Dkt. 14) is

**GRANTED.**

2. Plaintiff's Cross-Motion for Summary Judgment (Dkt. 20) is **DENIED.**



DATED: June 12, 2012

B. Lynn Winmill
Chief Judge
United States District Court